**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001024
16-MAY-2013
09:54 AM**

NO. CAAP-12-0001024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOVEY B. LAMBERT, TRUSTEE UNDER THAT
HOVEY B. LAMBERT TRUST, an unrecorded Revocable Living Trust
Agreement dated April 5, 2002, Plaintiff-Appellee,
v.
LESIELI TEISINA, Defendant-Appellant
and
PENISIMANI TEISINA, Intervenor-Appellant,
and
WAHA (K), et al, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2529)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over Defendant-Appellant Lesieli Teisina and
Intervenor-Defendant/Appellant Penisimani Teisina's (the Teisina
Appellants) appeal from the Honorable Rhonda A. Nishimura's
October 25, 2012 "Order Granting Plaintiff's Motion to Allow
Overbidding, to Confirm Sale, to Account for and Direct
Reimbursement of Expenses and Attorneys' Fees and to Disburse Net
Proceeds" (the October 25, 2012 interlocutory order) because the
circuit court has not yet reduced its adjudication of the
parties' causes of action to a separate judgment, as Hawaii

Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require for an appeal under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Therefore, more than nineteen years ago, the Supreme Court of Hawai'i held that under HRCP Rule 58 "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On March 13, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-12-0001024, at which time the record on appeal did not contain a final judgment. Absent a final judgment, the October 25, 2012

interlocutory order is not eligible for appellate review. Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the October 25, 2012 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, absent an appealable final judgment, the Teisina Appellants' appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-12-0001024. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001024 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2013.

Chief Judge

Associate Judge

Associate Judge